◼ ALEKSANDER GOLDIN, as Executor of RAKHIL GOLDIN, Deceased, Appellant, v NEW YORK AND PRESBYTERIAN HOSPITAL et al., Defendants, and ARNOLD LEON WEG, Respondent. [975 NYS2d 892]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 12, 2012, which granted the motion of the defendant Arnold Leon Weg for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law and in the

exercise of discretion, with costs, and the motion of the defendant Arnold Leon Weg for summary judgment dismissing the complaint insofar as asserted against him is denied.

On or about November 7, 2007, the plaintiff commenced this action against, among others, the defendant Arnold Leon Weg. The plaintiff filed the note of issue on July 14, 2011. On September 19, 2011, Weg moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion.

Pursuant to the Uniform Civil Term Rules of the Supreme Court, Kings County, Weg was required to make his motion for summary judgment no later than 60 days after the filing of the note of issue, unless he obtained leave of the court on good cause shown (*see* Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6). Here, Weg moved for summary judgment 67 days after the note of issue was filed. He failed to demonstrate, in his moving papers, good cause for not filing the motion before the expiration of the 60-day deadline set forth in Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6 (*see Brill v City of New York*, 2 NY3d 648 [2004]). It was an improvident exercise of the Supreme Court's discretion to entertain the summary judgment motion and to consider the good cause arguments raised for the first time in Weg's reply papers (*see St. John's Univ. v Butler Rogers Baskett Architects, P.C.*, 105 AD3d 728 [2013]; *Cabibel v XYZ Assoc., L.P.*, 36 AD3d 498 [2007]). Accordingly, Weg's motion should have been denied as untimely. Angiolillo, J.P., Dickerson, Austin and Hinds-Radix, JJ., concur.